IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ENESTO LERNARD IVORY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:17cv63-MHH |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Enesto Lernard Ivory's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.

## I.   BACKGROUND

On November 4, 2015, Ivory pleaded guilty under a plea agreement to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 & 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Following a sentencing hearing on February 16, 2016, the district court sentenced Ivory to 123 months in prison consisting of a 63-month term for the conspiracy count and a consecutive 60-month term for the § 924(c) count. Ivory did not appeal.

On February 2, 2017, Ivory filed this § 2255 motion arguing that his § 924(c) conviction for possession of a firearm in furtherance of a drug trafficking crime is invalid under the Supreme Court's holding in *Henderson v. United States*, 135 S. Ct. 1780 (2015). *See* Docs. 1 & 2. For the reasons that follow, the Magistrate Judge recommends that Ivory's § 2255 motion be denied without an evidentiary hearing and this case dismissed with prejudice.

## II.  DISCUSSION

A.  **Procedural Default**

Ivory claims that his § 924(c) conviction is invalid.  In *Henderson*, 135 S. Ct. at 1784, the Supreme Court explained that "actual possession exists when a person has direct control over a thing" and "[c]onstructive possession is established when a person, though lacking such physical control, still has the power and intent to exercise control over the object." Ivory argues that *Henderson* constitutes a change in substantive law[1] that modifies the element of possession in federal statutes, including § 924(c), such that the government had to prove his specific intent to exercise control over the firearm made the basis of his conviction.  Ivory's argument implies that he was not in actual possession of the firearm so his § 924(c) conviction depended on proof of constructive possession, and that the government failed to proffer facts showing he specifically intended to exercise control over the firearm.

The government responds that Ivory procedurally defaulted his claim because he failed to raise it in the district court or on direct appeal. Doc. 4 at 5–7.  Ordinarily, where a defendant does not advance a claim in the trial court or on appeal, the claim is procedurally barred in a § 2255 proceeding and will not be considered on collateral review. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011); *Reece v. United States*, 119 F.3d

---

[1] Although Ivory argues at length that he is entitled to "retroactive" application of *Henderson*, *see* Doc. 2 at 3–7, the Supreme Court decided *Henderson* in May 2015 and Ivory pleaded guilty in November 2015. Moreover, the court rejects Ivory's contention that *Henderson* modified the element of possession in federal statutes and signaled the recognition of a new right.  *Henderson* did not change the definition of constructive possession in the Eleventh Circuit.  For example, in *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011), a case decided well before *Henderson*, the Eleventh Circuit held that "[c]onstructive possession of a firearm exists when a defendant does not have actual possession but instead knowingly has the power or right, and intention to exercise dominion and control over the firearm."

1462, 1467 n.9 (11th Cir. 1997); *Mills v. United States*, 36 F.3d 1052, 1055–56 (11th Cir. 1994). Here, it is undisputed that Ivory did not assert his claim in the district court or on direct appeal. Therefore, the claim is procedurally defaulted unless an exception applies.

**B.     Exceptions to Procedural Default**

A district court may excuse a procedural default only if one of the two exceptions to the procedural default rule applies. "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (citations and quotation marks omitted). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

   1.     *Cause and Prejudice*

Ivory's pleadings are silent as to any cause excusing his failure to raise his *Henderson* claim in the district court or on direct appeal. Therefore, the cause-and-prejudice exception does not excuse Ivory's procedural default of his claim.

   2.     *Actual Innocence*

For a claim of actual innocence to overcome a procedural bar, a petitioner must support his allegations of constitutional error with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

3

Actual innocence means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623.  A petitioner does not meet the threshold requirement for actual innocence "unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. Ivory has not met this demanding standard.

First, Ivory offers no new or reliable evidence of his factual innocence.  Instead, he relies only on the purported change in law heralded by *Henderson* and his own recitation of the facts known to him when he pleaded guilty.  In his plea agreement, Ivory stipulated that he knowingly possessed a firearm in furtherance of a drug trafficking crime. *See* Doc. 68 at 5–6, Case No. 15cr195-MHH.  If it is Ivory's contention that the government failed to present evidence that he specifically intended to exercise control over the firearm, this claim is subject to procedural default, and Ivory's guilty plea admitting that he possessed the firearm obviated the government's obligation to come forward with additional evidence to prove the elements of the § 924(c) charge. *See Gaddy v. Linahan*, 780 F.2d 935, 943 (11th Cir. 1986) ("[A] plea of guilty represents, in essence, an admission as to each and every element of the offense.") (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).  If it is Ivory's contention that he did not understand the law at the time of his guilty plea, this would be an attack on the voluntariness of his guilty plea, *Boykin v. Alabama*, 395 U.S. 238, 243 (1969), not his actual innocence, and also would be an issue subject to procedural default.  Finally, if it is Ivory's contention that he did not have the specific intent to exercise control over the firearm, Ivory would have known this fact when he pleaded guilty, and therefore it is not new evidence to sustain an actual-innocence claim.

Furthermore, Ivory relies on language in *Henderson* that defines constructive possession, but Ivory does not establish that his possession of the firearm was constructive rather than actual. Indeed, in his § 2255 pleadings, Ivory admits to "handling" the firearm underlying his § 924(c) conviction. Doc. 2 at 6. By this acknowledgment, Ivory admits that he had actual possession of the firearm. This admission further undercuts his actual-innocence argument.

In presenting this claim, Ivory misunderstands the intent element at issue in *Henderson*. Ivory argues that his admission that he handled the firearm "was not given to the extent of having 'intent' to use the firearm during the drug trafficking crime." Doc. 2 at 6. But *Henderson* is not concerned with a defendant's intent to use a firearm during a drug trafficking crime, and instead relates to a defendant's intent to exercise control over an object so as to establish constructive possession.

In sum, Ivory has not made out a colorable claim of actual innocence because he has not established that the acts to which he pleaded guilty do not constitute a crime under § 924(c). Having failed to satisfy either the cause-and-prejudice exception or the actual-innocence exception to procedural default, Ivory has procedurally defaulted his claim.

### III.  CONCLUSION

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Ivory be DENIED and this case DISMISSED with prejudice.

It is further ORDERED that **on or before April 2, 2019,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings

5

and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE on the 19th day of March, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE